**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| CRAIG BRIDGES,<br>MELISSA BRIDGES<br><br>        Plaintiffs,<br><br>              v.<br><br>SANTANDER CONSUMER USA, INC.<br><br>        Defendant | COMPLAINT<br><br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

**PARTIES**

4. Plaintiffs are a married couple who reside in Alleghany County, Maryland, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and persons with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Santander Consumer USA, Inc. ("Santander") is a financial institution with ts principal place of business is located at 565 FIFTH AVENUE, NEW YORK, NY 10017.

**FACTUAL ALLEGATIONS**

6. In March of 2008, Plaintiffs obtained a loan from G.E. Money Bank ("GEMB") to purchase a 2007 Fleetwood Travel Trailer. This was a financial obligation that were primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. In or around June 2010, GEMB ceased sending payment coupons to Plaintiffs. Plaintiffs requested additional payment coupons but GEMB refused to provide them.

8. On January 22, 2010, Plaintiffs sought protection from their creditors by filing a joint voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Maryland (Case No. 10-11498).

9. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, a debt was listed in favor of "Gemb/lending Inc" for a secured loan in the amount of $18,957.00. A copy of the filed Schedule D is attached as **Exhibit A**.

10. This information was drawn from Plaintiffs' credit report, and at the time Plaintiffs were given no notice that the debt had been sold to any other entity.

11. There were no Objections to Discharge or Adversary Proceedings filed under 11 U.S.C. § 523 to determine the dischargeability of this debt.

12. There were no reaffirmation agreements filed by the Plaintiffs in the bankruptcy case.

13. On May 17, 2010, Plaintiffs were granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiffs alleges that this Discharge included the personal liability for the debt owed to GEMB.

14. On or about May 19, 2010, the Clerk of the Bankruptcy Court certified that the Order of Discharge was sent to all scheduled creditors, including GEMB. A copy of the Order and certification are attached as **Exhibit B.**

15. After the bankruptcy was closed, Plaintiffs attempted to work with GEMB to figure out payment arrangements.

16. GEMB was unresponsive to these efforts and was unable to provide Plaintiffs with any information whatsoever related to their loan.

17. At some point afterward, Santander purchased Plaintiffs' loan from GEMB. Since the loan was in default at the time Defendant purchased it from GEMB, Defendant is considered a debt collector as that term is defined by 15 U.S.C. §1692a(6).

18. On or about April 8, 2011, Defendant Santander sent Plaintiffs a letter informing them that it had purchased the loan from GEMB. A copy of this letter is attached as **Exhibit C**.

19. At around the same time, representatives of Defendant began contacting Plaintiff regarding the loan, reiterating what was said in the April 8, 2011 letter.

20. These representatives also stated that in order for Plaintiffs to retain the vehicle, they needed to pay the arrearages in a lump sum.

21. Plaintiffs explained that they had filed a bankruptcy which discharged them of all liability, including this obligation.

22. Plaintiffs also explained that the arrearages were not their fault as GEMB had refused to provide them with any information on how to pay for the vehicle after their bankruptcy was filed.

23. Plaintiffs requested a payment plan in order to reinstate the loan, but Defendant was unwilling to cooperate.

24 Defendant stated its intent of repossessing the collateral if Plaintiffs did not pay the past due amount.

25. Simultaneously, Defendant warned Plaintiffs that they would be liable for any deficiency pursuant to state law.

26. Around this time, Plaintiffs received multiple letters and phone calls from Defendant Santander.

27. Defendant attempted to coerce Plaintiffs into taking out another loan with another bank to pay the arrearages, but Plaintiffs refused.

28. In or around June 2011, Plaintiffs voluntarily relinquished the vehicle to Defendant. After this, Defendant temporarily stopped contacting Plaintiff.

29. On or about September 28, 2011, Defendant Santander sold the vehicle at auction, with an alleged realized loss of $9,688.12

30. On or about September, 29, 2011, Defendant Santander proceeded to send a letter to Plaintiffs stating that the latter were potentially liable for this deficiency. A copy of this letter is attached as **Exhibit D.**

31. Subsequently, representatives of Defendant Santander resumed contacting Plaintiffs on their telephone in attempts to collect on the deficiency.

32. In mid October, Plaintiffs told Defendant's representatives to stop contacting them and that their bankruptcy attorneys would be handling the matter.

33. Defendant's representatives continued to call Plaintiffs despite their continual reminder that they were represented by counsel.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;

(2) The defendant is a debtor collector as defined by the FDCPA; and

(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

36. Here, all elements are present, satisfied, and cannot be disputed.

37. Defendant's attempts to collect on a discharged debt were false statements to the Plaintiffs that they still owed the debt, in direct violation of 15 U.S.C. §§ 1692(e), e(2), and e(10).

38. Defendant continued to call Plaintiffs despite their protests that they were represented by counsel in violation of 15 U.S.C. 1692b(6).

39. Through Defendant's actions the Plaintiffs have been severely agitated, annoyed, traumatized, and emotionally damaged by the actions of the Defendant.

40. Plaintiffs had filed bankruptcy with the understanding that their personal liability on all debts would be discharged.

41. Plaintiffs' emotional damages were further exacerbated by the fact that they had not intentionally missed the car payments; the arrearages were the result of GEMB's refusal to arrange for payment.

42. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiffs;

b) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiffs;

c) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiffs; and

d) For such other and further relief as this Court deems just and proper.

**TRIAL BY JURY**

43. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 31st day of October, 2011;

CRAIG BRIDGES

MELISSA BRIDGES

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
rrowe@rowepllc.com